```
                                            F I L E D
                                         2012 NOV 26  PM 2:26

                                         CLERK U.S. DISTRICT COURT
                                         SOUTHERN DISTRICT OF CALIFORNIA

                                         BY  MP              DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BING CAO, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>AETNA LIFE INSURANCE COMPANY and DOES 1-10, inclusive,<br>　　　　　　　　　　　　Defendants. | CASE NO. 12-CV-0800 BEN (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CAUSES OF ACTION FOR NEGLIGENT MISREPRESENTATION AND PROMISSORY ESTOPPEL**<br><br>[Docket No. 19] |

Presently before the Court is Defendant's motion to dismiss the second and third causes of action in Plaintiff's First Amended Complaint ("FAC") for negligent misrepresentation and promissory estoppel. For the reasons stated below, the motion is **GRANTED**.

## BACKGROUND

According to the FAC, Defendant Aetna Life Insurance Company is the plan administrator of an ERISA governed health benefit plan of which Plaintiff Bing Cao is a member. (FAC ¶ 8.) Plaintiff was recommended to undergo a medical procedure at Ambulatory Care Surgery Center ("ACSC"). (*Id.* ¶ 10.) On August 18, 2011, ACSC called Defendant to confirm the availability and applicability of Plaintiff's insurance coverage. (*Id.* ¶ 12.) Defendant advised ACSC that the procedure would be covered at 65% of the reasonable and customary charges by the clinic. (*Id.* ¶ 13.) Plaintiff alleges that she would not have undergone the procedure but for the coverage of her plan. (*Id.* ¶ 15.) She also alleges that ACSC would not have performed the procedure but for her plan coverage and Defendant's

representation. (*Id.* ¶ 16.) After the procedure was performed, ACSC sent invoices to Defendant in the sum of $17,351.10. (*Id.* ¶ 18.) Defendant paid only $2,224.33 of the total sum and refused to pay the remaining balance. (*Id.* ¶¶ 19-20.) In her FAC, Plaintiff asserts wrongful denial of benefits under Section 502 of ERISA. (*Id.* ¶¶ 28-30.) Plaintiff also asserts negligent misrepresentation and promissory estoppel, based on the allegedly false representations Defendant made to ACSC. (*Id.* ¶¶ 31-46.)

Defendant moves to dismiss the causes of action for negligent misrepresentation and promissory estoppel. Being fully briefed, the Court finds the motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

Defendant moves to dismiss Plaintiff's state law causes of action for negligent misrepresentation and promissory estoppel, arguing that they are preempted by Section 514 of ERISA. Alternatively, Defendant argues that the causes of action should be dismissed as insufficiently pled.

Section 514 of ERISA provides that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any [ERISA governed employee benefit plan]." 29 U.S.C. § 1144(a). "A law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) (internal quotation marks omitted). A state law may "relate to" a benefit plan "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Id.* Nevertheless, a state law does not "relate to" an ERISA plan

if it affects the plan in "too tenuous, remote, or peripheral" a manner. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n.21 (1983).

In determining whether a claim has a "connection with" an ERISA plan, courts are instructed to "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325 (1997) (internal quotation marks and citation omitted). The Ninth Circuit adopts a relationship test for determining the "connection" prong. Under the test, courts look to "whether the state law encroaches on relationships regulated by ERISA, such as between plan and plan member, plan and employer, and plan and trustee." *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1053 (9th Cir. 1999). "Any regulation of the relationship is basis enough for preemption." *Gen. Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1522 (9th Cir. 1993).

"The basic thrust of the pre-emption clause . . . [is] to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657 (1995). One type of regulation that may impede the uniformity of plan administration is state laws that provide alternative enforcement mechanisms. When claimants "dress[] up an ERISA benefits claim in the garb of a state law tort," the claim should be preempted. *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 983 (9th Cir. 2001). The United States Supreme Court has held that state tort and contract causes of action are preempted if they arise out of the processing of a claim for benefits by plan participants. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987). The Ninth Circuit has also held that ERISA preempts common law theories of breach of contract, fraud, and promissory estoppel for the improper handling of claims under ERISA plans, because they violate the "connection" prong. *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir. 1985).

In the instant case, Plaintiff is a plan participant and Defendant is her plan administrator. Moreover, Defendant's representations over the phone concerned Plaintiff's coverage under the plan. (FAC ¶ 13.) Similar to the cases that have been decided, Plaintiff's state law causes of action focus

on the processing and administration of an ERISA governed plan. The relationship appears to be a matter that falls under exclusive ERISA regulation.

The Ninth Circuit provides additional guidance on the relationship test. In *Dishman*, the plan participant plaintiff alleged invasion of privacy against his insurance company for the investigation conducted against him. 269 F.3d at 979-80. The court adopted a "but for" test, holding that preemption can be found if "[b]ut for the denial of [the claim for benefits], there would have been no grounds for [the] state law actions." *Id.* at 983. The court concluded that because the plaintiff's claim for invasion of privacy remained whether or not the defendant ultimately paid his claim, his tort claim was not preempted. *Id.*

In the instant case, had Defendant approved Plaintiff's claim under the plan, Plaintiff would have had no cause of action for negligent misrepresentation or promissory estoppel, because there would have been no damages resulting from Defendant's representation over the phone. In that sense, the state law causes of action are employed as an alternative method for obtaining benefits under the ERISA governed plan. Accordingly, the two state law causes of action are preempted.

Plaintiff attempts to avoid preemption by contending that the causes of action are based on Defendant's duties owed to ACSC, not to Plaintiff herself, which would mean that there is no ERISA-regulated relationship. This argument is futile, since it is Plaintiff, not ACSC, that is bringing the state law causes of action.

Accordingly, the state law causes of action relate to an ERISA governed plan and are therefore preempted. Because the state law causes of action are preempted, the Court need not reach Defendant's argument that the causes of action are insufficiently pled.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiff's causes of action for negligent misrepresentation and promissory estoppel is **GRANTED**.

**IT IS SO ORDERED.**

DATED: November 26, 2012

HON. ROGER T. BENITEZ
United States District Judge